UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| HENRY JAMES | CIVIL ACTION NO. 05-0928-LC |
| VS. | SECTION P |
| JIM ROGERS, WARDEN | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed *in forma pauperis* by *pro se* petitioner Henry James on May 26, 2005. James is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the C. Paul Phelps Correctional Center, DeQuincy, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum, and the published jurisprudence of the State of Louisiana establish the following facts:

1. On March 10, 2004, petitioner filed a petition for damages entitled *Henry James v. Master Sergeant Poussan, et al.*, in the Thirty-sixth Judicial District Court, Beauregard Parish. Petitioner's request to proceed *in forma pauperis* was granted and the case was assigned docket number C20040227.

2. On June 8, 2004, the defendants, relying upon the provisions of La. R.S.15:1186,[1] filed a Motion to Amend the Order granting *in forma pauperis* status. On June 21, 2004, the trial court, in accordance with the statute, signed a judgment ordering petitioner to pay court costs of $300 and granting an automatic stay of the proceedings pending the full payment of these costs.

3. On June 30, 2004, petitioner filed a "State Writ of Habeas Corpus" challenging the ruling of the trial court. On July 1, 2004, the trial court denied relief.

4. On July 30, 2004, petitioner filed an application for writs in the Third Circuit Court of Appeals. The writ application was assigned Docket Number 04-01037-CW. On August 11, 2004, petitioner filed a Supplemental Writ. On October 29, 2004, petitioner's writ application was denied.

---

[1] La. R.S. 15:1186 provides in part: "A. (2) If a prisoner brings a civil action or files an appeal or writ application in forma pauperis ... the prisoner shall still be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent of the greater of the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the petition, notice of appeal, or writ application.
\* \* \*
B. (1) After payment of the initial partial filing fee, as required by Paragraph (A)(2) of this Section, the prisoner shall be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds ten dollars until the filing fees are paid. In no event shall the filing fee collected exceed the amount of fees permitted by statute.
   (2)(a) <u>The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.</u>
\* \* \*
(d) The automatic stay shall not apply only if the court makes a written finding that:
(i) The suit is a proceeding for judicial review brought pursuant to R.S. 15:1177;
(ii) The suit is a post-conviction relief or habeas corpus proceeding challenging the fact or duration of confinement in prison; or
(iii) The inmate is in imminent danger of serious physical injury, the suit solely seeks injunctive relief to avoid the danger, and relief is available in the suit which will avert the danger..."

5. On November 4, 2004, petitioner filed a writ application in the Louisiana Supreme Court. This writ application was given docket number 2004-CP-3027. On May 13, 2005, the writ application was denied. See *Henry James v. Master Sergeant Poussan, et al.*, 2004-3027 (La. 5/13/2005), 902 So.2d 1016.

6. On May 26, 2005, petitioner filed the instant pleading and framed the issue at bar as follows: "Whether or not a state may constitutionally require that an indigent prisoner in a civil case pay a filing fee before permitting him to file in one of its courts." He concluded his petition by arguing "...that the filing fee provision of LSA R.S.15:1186(B)(2)(a)(b)(c) deprives him his right to a meaningful 'equal access' of the courts, in violation of the equal protection clause." He prayed that the statute in question be declared unconstitutional and that he be allowed to proceed with his petition for damages in the Thirty-sixth Judicial District Court without having to pay court costs in advance.

## LAW AND ANALYSIS

Petitioner chose to file the instant suit pursuant to the provisions of 28 U.S.C. §2254 which provides in pertinent part: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States</u>." In *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), the Court noted, "It is clear . . . that the essence of habeas corpus is an <u>attack</u> by a person in custody <u>upon the legality of that custody</u>, and that the traditional function of the writ is to secure release from illegal custody." (emphasis supplied.)

Petitioner has not alleged that he is "in custody in violation of the Constitution or laws or

treaties of the United States." He claims instead that a Louisiana civil procedure statute "deprives him his right to a meaningful 'equal access' of the courts, in violation of the equal protection clause." Nor does petitioner seek his immediate release from custody or relief from any judgment authorizing his future custody.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of *habeas* petitions by the court and further states, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "...under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Petitioner's petition for *habeas corpus* is patently and manifestly frivolous; it is clear from the face of the pleadings that petitioner is not entitled to the writ of *habeas corpus*.[2]

---

[2] Since petitioner filed this proceeding as a petition for *habeas corpus* under 28 U.S.C. § 2254, he was permitted to proceed *in forma pauperis*. [See Doc. 3]. Should he wish to pursue this claim in federal court, he should file the appropriate pleadings, including the appropriate *in forma pauperis* application.

The undersigned notes that in the *in forma pauperis* application submitted with this *habeas* petition, the petitioner responded "NO" to the query, "Have you on any prior occasion, while incarcerated or detained in any prison, jail or other facility, brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted?" [See Doc. 2]. A review of the records of this court reveals the following: (1) In the matter of *Henry James, Jr. v. Terry Terrell, et al.*, No. 2:94-cv-00556, petitioner's civil rights claim was dismissed with prejudice as frivolous on December 18, 1995 [Doc. 22]; (2) in the matter of *Henry James, Jr. v. Terry Terrell, et al.*, No. 2:95-cv-00400, six out of seven civil rights claims asserted were dismissed with prejudice as frivolous on November 21, 1995 [Doc.35]; (3) in the matter of *Henry James, Jr. v. Benigam Gadney, et al.* No. 2:96-cv-00946, plaintiff's civil rights claims were dismissed as frivolous on July 7, 1997 [Doc. 10]; and, finally, the court notes that (4) in the matter of *Henry James v. Kay Bates, et al.*, No. 3:96-cv-00027 on the docket of the United States District Court for the Middle District of Louisiana, petitioner's civil rights suit was also dismissed with prejudice as frivolous on April 2, 1996. [Doc. 6].

The undersigned further notes that 28 U.S.C. §1915(g) provides, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

4

ACCORDINGLY,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to a writ of *habeas corpus*.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of September, 2005.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." It thus appears that petitioner should be prohibited from litigating any subsequent civil action *in forma pauperis*.